IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | |
|---|---|
| Stafford A. Patterson, ) | |
| ) | Civil Action No. 8:07-253-CMC-BHH |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Donald Bauknecht, ) | |
| Warden of FCI -Williamsburg, ) | |
| ) | |
| Respondent. ) | |
| ) | |

The petitioner, a federal prisoner, seeks habeas relief pursuant to Title 28, United States Code, Section 2241. This matter is before the Court on the respondent's motion to dismiss, or, alternatively, for summary judgment (Docket #8) and the petitioner's motion for summary judgment (Docket #11).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The petitioner brought this habeas action on January 26, 2007. On April 6, 2007, the respondent filed a motion to dismiss or, alternatively, for summary judgment. By order filed April 6, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the respondent's motion to dismiss. On April 13, 2007, the petitioner filed a response to the respondent's motion and then on April 18, 2007, he filed his own summary judgment motion. The respondent did not file a

response to the petitioner's summary judgment motion.

## **FACTS**

The petitioner is a federal prisoner currently incarcerated at the Federal Correctional Institution (FCI) in Williamsburg. (Pet. ¶ 2.) On August 16, 2005, the petitioner was sentenced to thirty months imprisonment and three years of supervised release for conspiracy to commit fraud. (Pet. ¶¶ 8-9; Resp't's Mem. Supp. Summ. J. Mot. Ex. 1.) He contends the Federal Bureau of Prisons ("BOP") is improperly denying him timely placement in a halfway house or Residential Reentry Center ("RRC").[1] (Pet. ¶ 1.) The BOP has determined that the petitioner would be eligible for RRC placement no earlier than November 8, 2007. (Pet. ¶ 14; Resp't's Mem. Supp. Summ. J. Mot. Ex. C.) The petitioner contends he should be eligible for RRC placement beginning August 25, 2007. (Pet. ¶ 16.)[2]

**Background**

Section 3621(b) provides that:

The Bureau shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering -

---

[1] Previously, RRCs were referred to as Community Correctional Centers.

[2] The court notes that although the petitioner refers to August 25, 2007, in his petition, in two letters he recently filed with the Court (Docket # 12 and 13), he contends he is eligible for RRC placement beginning July 25, 2007.

> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence-
>
> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>
> (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

> Section 3624(c) provides as follows:
>
> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement. The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during such pre-release custody.

18 U.S.C. § 3624(c). Further, the method used to calculate the ten percent can be found in the BOP Program Statement 5880.28, which is part of the BOP's Sentencing Computation manual. Program Statement 5880.28 provides, in part: "The last ten percent of a sentence, not to exceed six months, is <u>not</u> based on the total sentence imposed but rather on the total amount of time that the prisoner is required to serve in confinement."

Prior to December 2002, the BOP had a policy of placing prisoners in a RRC for up to six months, regardless of the total length of the inmate's sentence. *See* BOP Program

3

Statement 7310.04. However in December 2002, the Office of Legal Counsel for the Department of Justice concluded that this practice was inconsistent with § 3624(c) and in its opinion this subsection limited an inmate's placement in a CCC to the lessor of six months or ten percent of the inmate's sentence. The BOP adopted the Office of Legal Counsel's interpretation of the statute. Thereafter, numerous habeas petitions challenging the December 2002 policy were filed. The First and Eighth Circuits found the policy contrary to the plain meaning of § 3621(b). *See Goldings v. Winn*, 383 F.3d 17 (1st Cir. 2004); *Elwood v. Jeter*, 386 F.3d 842 (8th Cir. 2004).

In 2005, the BOP created new regulations to address placement of inmates in RRCs. 28 C.F.R. § 570.20-21. These regulations state that the BOP has engaged in a "categorical exercise of discretion" and choosing to "designate inmates to [RRC] confinement . . . during the last ten percent of the prison sentence being served not to exceed six months." *Id.* One of the new regulations expressly prohibits placement of prisoners in RRCs prior to the pre-release phase of imprisonment and provides:

> When will the Bureau designate inmates to community confinement?
>
> (a) The Bureau will designate inmates to community confinement only as part of prerelease custody and programming, during the last ten percent of the prison sentence being served, not to exceed six months.
>
> (b) We may exceed the time-frames only when specific Bureau programs allow greater periods of community confinement, as provided by separate statutory authority (for example, residential substance abuse treatment program . . . or shock incarceration program) . . .

28 C.F.R. § 570.21.

## ANALYSIS

The petitioner raises two issues: 1) whether under § 3624(c) the BOP has correctly calculated ten percent of the petitioner's prison sentence and 2) whether the 2005 regulations, 28 C.F.R. 570.20-21, are valid.

### 1) Exhaustion

The respondent first argues that the petitioner has failed to exhaust his administrative remedies. (Resp't's Mem. Supp. Summ. J. Mot. at 4.) The exhaustion requirement for § 2241 petitions has been described as "prudential, rather than jurisdictional," as §2241 does not specifically require petitioners to exhaust judicial and administrative remedies before seeking relief under that section. *See Arango Marquez v. INS,* 346 F.3d 892, 897 (9th Cir. 2003). The petitioner argues that because he is challenging the validity the of 28 C.F.R. §§ 570.20 and 570.21 and Program Statement 5880.28, rather than merely their applicability, the exhaustion of administrative remedies would be futile. (Pet'r's Mem. Opp. Summ. J. Mot. at 6.) The undersigned agrees. *See Woodall*, 432 F.3d at 239 n.2 (holding exhaustion would be futile given that the petitioner is not challenging the application of the BOP regulations, but their validity and the purposes of exhaustion would not be served here by requiring exhaustion). As the petitioner is challenging BOP policy, requiring exhaustion in this case would be futile. Accordingly, the petition should not be dismissed on the ground that the petitioner has failed to exhaust his administrative remedies.

**2) Issues**

    **a) Calculation of Ten Percent**

The first issue raised by the petitioner is whether the BOP has correctly interpreted the phrase "term to be served" used in § 3624(c) to mean "actual time served" rather than "sentence imposed." As noted above, pursuant to § 3624(c)

> [t]he Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community.

The petitioner contends the BOP should calculate the ten percent based upon the sentence imposed rather than the sentence which is actually being served. In other words, the petitioner contends the BOP should not reduce the sentence for any good time credits when calculating the ten percent. The undersigned does not believe the phrase is ambiguous.

When a court reviews an agency's construction of a statute which it administers, it applies the two-step inquiry set forth in *Chevron U.S.A. Inc. v. Nat. Res. Defense Council, Inc.*, 467 U.S. 837, 842-43. (1984). Under *Chevron's* first prong, the court must determine "whether Congress has directly spoken to the precise question at issue." *Id.* at 842. "If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Id*. at 842-43. If Congress has not directly addressed the matter, or if the statute is ambiguous with respect to the matter, a court is to apply *Chevron's* second step to decide "whether the agency's [regulation] is based on a permissible construction of the statute." *Id.* at 843.

6

In § 3624(c), Congress also used the phrase "term of imprisonment" to clearly mean the sentence imposed. It is within this same sentence that Congress used the phrase at issue, "time to be served." Had Congress meant the phrase "time to be served" to mean the sentence imposed, it could have easily used the phrase "term of imprisonment" as it did earlier in the sentence. By employing the different phrases "term of imprisonment" and "time served" in the same sentence, it may be presumed that Congress intended different meanings for each phrase. *See Moreland v. Fed. Bureau of Prisons*, 363 F.Supp.2d 882, 886 (S.D.Tex. 2005). Accordingly, the undersigned finds the phrase is not ambiguous and means the actual time to be served.

However, the undersigned recognizes that these presumptions may be overcome when a close reading of the statute indicates inconsistent usage of identical phrases as the court found in *Yi v. Fed. Bureau of Prisons*, 412 F.3d 526, 532 (4th Cir. 2005). In *Yi*, the issue was whether good time credit must be awarded based upon the length of a prisoner's sentence imposed or his time actually served. The court found ambiguous the phrase "term of imprisonment" as it is used in § 3624(b) partly because Congress used the phrase "term of imprisonment" to mean the actual sentence imposed and actual time to be served depending on the subsection of § 3624. After finding the phrase "term of imprisonment" in § 3624(b) ambiguous, the court determined the BOP's interpretation of the statute was reasonable and therefore entitled to deference under *Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 844 (1984). *Yi*, 412 F.3d at 534. The court noted that "[i]n so doing, we 'may not substitute [our] own construction of [the] statutory provision for a reasonable interpretation made by the [BOP].'" *Id.* (*citing Chevron*, 467 U.S. at 844).

Instead, the court stated it must uphold the agency's interpretation if it is "rational and consistent with the statute." *Id. (citing NLRB v. United Food & Commercial Workers Union Local 23*, 484 U.S. 112, 123 (1987)). The court concluded that the phrase "term of imprisonment" in § 3624(b) meant time to be actually served.

Here, because the phrase "term of imprisonment" has been held to mean time served and sentence imposed depending on the subsection of § 3624, the phrase "term to be served" in § 3624(c) could also be found ambiguous. However, even so, applying *Chevron*, and giving the BOP deference, the BOP's interpretation is rational and consistent with the statute. Just as good time credits are calculated based upon the amount of time actually served, it is reasonable for the BOP to calculate the amount of time a prisoner is eligible for placement in an RRC based on time actually served. Therefore, the undersigned concludes that the BOP has reasonably interpreted the statute so as to calculate the ten percent based upon the actual sentence which the petitioner is to actually serve rather than the sentence imposed. Accordingly, the petitioner should be denied summary judgment on this issue.

### b) Validity of Regulations

As set forth above, under 18 U.S.C. § 3621(b), the BOP is to designate where an inmate is to serve his sentence. In doing so, the BOP is to consider multiple factors, including the resources of the facility, and the history and characteristics of the prisoner. 18 U.S.C. § 3621(b). Pursuant to § 3624(c), the BOP can place a prisoner in an RRC near

the end of his term of imprisonment.[3]  Under the BOP policy that went into effect in 2005, set forth in 28 C.F.R. §§ 570.20 and 570.21, the BOP may categorically designate placement of inmates in an RRC for the last ten percent of the sentence, not to exceed six months without consideration of the criteria set forth in § 3621(b).

The petitioner contends these regulations are invalid as they conflict with § 3621(b) which requires the BOP to consider certain criteria in determining placement in an RRC. (Pet'r's Mem. Opp. Resp't's Summ. J. Mot. at 16.)  The respondent argues that the BOP's interpretation of the regulations are entitled to substantial deference under the standard set forth in *Chevron*.  (Resp't's Mem. Supp. Summ. J. Mot. at 11.)  The respondent argues that the regulations are valid because the BOP has properly exercised its discretion in a categorical manner through its rule-making power.  Specifically,  the respondent argues that nothing in § 3621(b) or § 3624 prohibits the BOP from the promulgating such categorical rules and the regulations are a reasonable and permissible construction of the BOP's authority to designate the place of a prisoner's imprisonment .  *Id.*

While the Fourth Circuit Court of Appeals has not ruled on this issue, four other circuits have held that the current BOP regulations are invalid because the factors set forth in § 3621(b) cannot be fully considered when the amount of time an inmate is in an RRC is categorically limited by the regulations to the lesser of six months or ten percent of a sentence without any consideration of individual circumstances.  *Wedelstedt v. Wiley*, 477

---

[3]Section 3624(c) provides that the BOP "shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community."

F.3d 1160 (10th Cir. 2007); *Levine v. Apker*, 455 F.3d 71, 80-82 (2d. Cir. 2006); *Fults v. Sanders*, 442 F.3d 1088 (8th Cir. 2006); and *Woodall v. Fed.l Bureau of Prisons*, 432 F.3d 235 (3d Cir. 2005).    After reviewing these cases, including the dissenting opinions, the undersigned is persuaded that the regulations are invalid.[4]

As stated above, an agency's interpretation of a statute ordinarily is entitled to deference. *Chevron*, 467 U.S. 837, 844. When a court reviews an agency's construction of a statute which it administers, it applies the two-step inquiry set forth in *Chevron*. Under *Chevron's* first prong, the court must determine "whether Congress has directly spoken to the precise question at issue." *Id.* at 842. "If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Id*. at 842-43. If Congress has not directly addressed the matter, or if the statute is ambiguous with respect to the matter, a court is to apply *Chevron's* second step to decide "whether the agency's [regulation] is based on a permissible construction of the statute." *Id.* at 843.

The undersigned agrees with the Second, Third, Eighth, and Tenth Circuits that the plain text of the statute does not authorize the BOP to limit RRC placement only to those inmates serving the last ten percent or six months of their sentences.  The intent of § 3621(b) is clear.  It requires the BOP to consider five factors when designating a prisoner's

---

[4]All four decisions by the courts of appeals included dissents, each relying on the Supreme Court's decision in *Lopez v. Davis*, 531 U.S. 230 (2001), to conclude that the BOP has authority to promulgate rules of general applicability, despite the mandatory five-factor framework of § 3621(b). *See Wedelstedt*, 477 F.3d at 1169 (Hartz, J., dissenting); *Levine*, 455 F.3d at 91 (Raggi, J., dissenting); *Woodall*, 432 F.3d at 251 (Fuentes, J., dissenting); *Fults*, 442 F.3d at 1093 (Riley, J., dissenting).

place of imprisonment: the nature and circumstances of the offense, the history and characteristics of the prisoner, and any statement by the court that imposed the sentence concerning the purposes for which the sentence to imprisonment was determined to be warranted, or recommending a type of penal or correctional facility as appropriate. 18 U.S.C. § 3621(b)(2)-(4). However,

> [t]he regulations do not allow the BOP to consider the nature and circumstances of an inmate's offense, his or her history and pertinent characteristics, or most importantly, any statement by the sentencing court concerning a placement recommendation and the purposes for the sentence. And yet, according to the text and history of § 3621, these factors must be taken into account.

*Woodall*, 432 F.3d at 244. Because Congress' intent is clear from a reading of § 3621(b), "that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Chevron*, 467 U.S. at 842-43. Consequently, there is no need to defer to the BOP's interpretation of § 3621(b). *Fultz*, 442 F.3d at 1090; *Wedelstedt*, 477 F.3d at 1167. However, even assuming § 3621(b) is ambiguous, the regulations would not be a permissible interpretation of it.

The BOP's regulations categorically remove from consideration the five factors in § 3621(b). *Woodall*, 432 F.3d at 244. The respondent argues that the BOP is authorized to exercise categorical rulemaking authority under *Lopez v. Davis*, 531 U.S. 230 (2001). However, *Lopez* can be distinguished and is not controlling. In *Lopez,* the Supreme Court rejected a prisoner's challenge of a BOP rule which categorically denied prisoners convicted of gun-related crimes consideration participation in a drug treatment program which upon completion could shorten a sentence. *Id.* at 241. The Court noted that the

BOP had the authority to categorically exclude certain prisoners from participation in the program, "[e]ven if a statutory scheme requires individualized determinations . . . unless Congress clearly expresses an intent to withhold that authority." *Id.* 243-44.  However, in *Lopez*, unlike the statute at issue here, the applicable statute did not set forth any specific criteria to be considered.  Here, three of the factors in § 3621(b), the offense, the prisoner, and any statement made by the sentencing court, cannot be fully considered without evaluating inmates on a case-by-case basis.  *Fults*, 442 F.3d at 1091; *Woodall*, 432 F.3d at 247; and *Wedelstedt*, 477 F.3d at 1168.

Further, the legislative history of the statute also leads to the conclusion that consideration of the five factors in 18 U.S.C. § 3621(b) is mandatory.  *Levine*, 455 F.3d at 82;  *Woodall*, 432 F.3d at 245-46.   In fact, in *Levine,* the court noted that a Senate Judiciary Committee report "disavows any restriction on the BOP's exercise of discretion . . . ."  *Levine*, 455  F3d. at 82.

Although the BOP does have discretion in determining the actual place of an inmate's confinement, the BOP must consider the factors set forth in § 3621(b). There is no ambiguity that the BOP can or must define in § 3621.   Because the BOP's regulations categorically preclude consideration of all five factors contradicting the statutory mandate of § 3621(b), they are invalid.  Accordingly, based on the foregoing, the undersigned recommends the petitioner be granted relief.   In recommending the granting of relief to the petitioner, the undersigned notes  that the petitioner is not entitled to immediate placement in an RRC.  The petitioner is merely entitled to have his RRC placement re-considered in accordance with the five factors set forth in § 3621(b).

## **CONCLUSION AND RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the Petitioner's Motion for Summary Judgment (#11) and Petition be GRANTED IN PART and the Respondent's Motion to Dismiss (#8) be DENIED.

Further, it is RECOMMENDED that if this Report is adopted, the District Court should order the BOP to immediately consider the factors set forth in 18 U.S.C. § 3621(b) without regard to the 2005 regulations in determining whether the petitioner should be transferred to a RRC.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

August 31, 2007
Greenville, South Carolina

**The petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).