IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Stafford A. Patterson, #19703-058, ) | C/A NO. 8:07-253-CMC-BHH |
| ) | |
| Petitioner, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Donald Bauknecht, Warden of ) | |
| FCI – Williamsburg, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the court on Petitioner's application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2241.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pre-trial proceedings and a Report and Recommendation ("Report"). On August 31, 2007, the Magistrate Judge issued a Report recommending that the petition for writ of habeas corpus be granted in part and denied in part, and that Petitioner's motion for summary judgment be denied and Respondent's motion for summary judgment be granted in part and denied in part. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Petitioner filed objections to the Report on September 19, 2007; Respondent has filed no objections.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is

made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

The court has conducted a *de novo* review of those portions of the Report to which Petitioner has objected. Petitioner's first objection is that the Magistrate Judge misquoted 18 U.S.C. § 3624(c) at page 7 of the Report. This court agrees. The correct statutory phrase is "term to be served," not "time to be served." Petitioner's other objections are without merit. Petitioner contends that the Magistrate Judge was incorrect in applying the second step of the *Chevron*[1] analysis. While this court agrees that the Magistrate Judge's discussion of the *Chevron* analysis relating to the phrases "term of imprisonment" and "term to be served" in 18 U.S.C. § 3624(c) is *dicta* (as the Magistrate Judge finds the statute unambiguous), it is certainly a reasonable finding in the alternative.

Respondent has filed no objections to the Report. The court has reviewed and finds no clear error in the portions of the Report which are adverse to Respondent.[2]

---

[1] *Chevron U.S.A., Inc. v. Nat'l Res. Defense Council, Inc.*, 467 U.S. 837 (1984).

[2] Failure to timely file specific written objections to the Report and Recommendation results in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

For these reasons and in accordance with the conclusions of Report, Petitioner's motion for summary judgment is **denied** and Respondent's motion for summary judgment is **granted in part and denied in part**. The Bureau of Prisons shall, **within ten (10) days of the entry of this order**, conduct an analysis of Petitioner's placement in a Residential Reentry Center pursuant to 18 U.S.C. § 3621(b) without regard to the 2005 regulations.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 26, 2007